# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **RENWICK JACKSON** <br>     **LA. DOC #122349** <br> **VS.** | **CIVIL ACTION NO. 09-0742** <br><br> **SECTION P** <br><br> **CHIEF JUDGE JAMES** |
| **WARDEN BILLY HARRISON** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Renwick Jackson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 1, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the Richland Parish Detention Center, Rayville, Louisiana, but he complains that he was denied trustee status and the opportunity to sing in the prison choir when he was incarcerated at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana. Plaintiff named MPJ Warden Billy Harrison as sole defendant and prayed for an order granting him trustee status and the right to sing in the prison choir. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at the Richland Parish Detention Center, Rayville, Louisiana. Plaintiff was apparently confined at the MPJ, Bastrop, Louisiana prior to his transfer

to Richland Parish.

On March 5, 2009, a meeting was convened with plaintiff, MPJ Warden Billy Harrison and Assistant Warden Ike Brown to discuss plaintiff's eligibility for trustee status and participation in the jail choir. Warden Harrison observed that since plaintiff had previously been convicted of an "aggravated" offense he was ineligible to obtain trustee status and thus could not participate in choir. According to plaintiff, during previous incarcerations at MPJ in 1988 and again in 1997, plaintiff was allowed trustee status and was allowed to participate in choir despite this previous conviction for an aggravated offense. Plaintiff contends that Warden Harrison violated his Constitutional rights.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

2

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65.

Plaintiff has provided the broad contours of his claim and pleaded his best case. Since amendment could not cure the obvious legal deficiencies of his complaint, plaintiff need not be

3

afforded an opportunity to amend.

## 2. Due Process

Plaintiff implies that the denial of trustee status and the opportunity to participate in the jail choir has deprived him of some right granted to him under the Constitution or laws of the United States. Read broadly and liberally, the complaint suggests that plaintiff was deprived of these opportunities in violation of the Due Process guarantees of the Fourteenth Amendment.

In order to establish a Due Process violation, plaintiff must first identify a constitutionally recognized "liberty interest" in connection with his classification, either as a trustee or choir member. This he cannot do. See *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995)(A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir.1989) ("[A] prisoner has no constitutional right to a specific work assignment."). Plaintiff has no right to participate in the jail choir; nor does he have a right to trustee status. His claims to the contrary are clearly frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Examples of [frivolous claims] are ... claims of infringement of a legal interest which clearly does not exist, like [respondent's] claim that his transfer within the reformatory violated his rights under the Due Process clause.").

## 3. Mootness

The transfer of a prisoner out of an allegedly offending institution generally render his

claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Since it appears that plaintiff prayed only for injunctive relief against a specific defendant – Warden Harrison at MPJ – and, since it appears that plaintiff is no longer incarcerated at the MPJ, his claims for injunctive relief against Warden Harrison are moot and subject to dismissal on that basis as well.

*4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C.§ 1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 22, 2009.

```
                                    _____
                                        KAREN L. HAYES
                                        U. S. MAGISTRATE JUDGE
```